SEARS *et al.* v. CORBIN *et al.*

*Promissory note — delivery — Question of fact for jury.*

In an action upon a promissory note, the plaintiff's attorney testified that the note was turned over by him to the plaintiffs upon a claim the latter had against the defendants. This was the only evidence to prove a delivery, and

was contradicted by proof of the witness's declarations that he could recover upon the note for the reason that he had advanced money upon it: *Held,* that this left it for the jury to say how the fact was; and that the court erred in refusing to submit to the jury the question of delivery, and in directing a verdict for the plaintiffs.

EXCEPTIONS ordered to be heard in the first instance at the general term.

The action was brought by Julia A. Sears and others against John M. Corbin and William Hewitt upon a promissory note made by the defendants, Corbin and Hewitt, and indorsed by the defendant Hewitt, dated May 2, 1871.

On the trial the plaintiff's attorney (Mr. Bell) testified that in the winter or spring of 1871 he received from the plaintiffs an account in their favor against the defendant Corbin for collection. That Corbin and Hewitt came to his office and gave him their note for $500, payable in 60 days. The attorney also testified that he turned the note over to the plaintiffs, on their claim; and that being afterward returned to Hewitt for indorsement by another person, it was destroyed by Hewitt. Bell, being recalled by the defendants, denied having said to various persons that he (Bell) could recover on the note for the reason that he had advanced the money on it. The defendants then called four witnesses, who testified, in substance, that Bell did say, in September, 1871, that he could recover on the note for the reason that he had advanced money on it.

At the close of the testimony the defendants' counsel requested the court to submit to the jury the question of fact as to whether the note in suit was actually delivered by Mr. Bell to the plaintiffs. The court refused to do so, and directed the jury to render a verdict in favor of the plaintiffs for the amount; which they did accordingly.

*C. H. Bell,* for plaintiffs.

*W. H. Johnson,* for defendant Hewitt.

Per CURIAM.

A new trial was granted for the reasons stated in the head note, and the publication of the opinion in full does not seem necessary.

*New trial granted.*